UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENNIE R. THOMPSON,

    Plaintiff,

vs.

ROBERT W. HAVILAND, et al.,

    Defendants.
_____/

Civil Action No.
08-CV-12079

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER OF DISMISSAL

This matter is presently before the Court on the Court's own review of the Complaint. For the reasons that follow, the Court finds that each claim advanced by Plaintiff is defective for one or more of the following reasons: (1) the Court lacks subject matter jurisdiction, (2) the claim is frivolous, (3) the claim is barred by the doctrine of *res judicata*, (4) the defendant is immune from liability, and (5) the claim is barred by the applicable statute of limitations. Accordingly, the Court will dismiss Plaintiff's Complaint in its entirety.

In his highly confusing, disorganized, and far-fetched Complaint, Plaintiff names a total of twenty-six defendants: two assistant United States attorneys, three United States district judges, one United States magistrate judge, two deputy clerks, two United States postal inspectors, one doctor, one nurse, three law enforcement officers, one United States marshal, three deputy United States marshals, two federal corrections officers, two of his former attorneys, a court reporter, a newspaper staff writer, and the commissioner of social security. All of Plaintiff's claims have either already been litigated—or should have been litigated—or are time-barred by the

1

applicable limitations period, or both. Many of his claims are also subject to dismissal because the defendant is immune from liability, the Court lacks subject matter jurisdiction, or the claim is frivolous.

In June of 1980, Plaintiff was convicted of forty-three counts of mail fraud, 18 U.S.C. § 1341, and sentenced to a total of fifteen years in prison. On July 13, 1982, the Sixth Circuit reversed his conviction on the grounds that he was not represented by counsel at trial and had not waived his Sixth Amendment right to representation. *See United States v. Thompson*, No. 81-1358 (6th Cir. Jul. 13, 1982) (unpublished). On remand, Plaintiff pled guilty to two counts of the indictment and was sentenced to a total of five years in prison.[1]

In the present litigation, Plaintiff asserts numerous claims arising out of the above-mentioned convictions and incarceration. For relief, Plaintiff seeks $250 million. Plaintiff's main claim is that Defendants Haviland and Delonis, the assistant United States attorneys who prosecuted the mail fraud cases against Plaintiff in the early 1980s, proceeded against Plaintiff without first securing a valid grand jury indictment in accordance with the Fifth Amendment to the United States Constitution. However, this claim has already been adjudicated on the merits by this Court in a action initiated by Plaintiff on January 23, 1996 ("the 1996 matter"). *See Thompson v. Haviland, et al.*, No. 96-CV-70271 (E.D. Mich. Mar. 21, 1996). In its Memorandum Opinion and Order dated March 21, 1996, the Court explained that the two assistant United States attorneys were immune from liability under *Burns v. Reed*, 500 U.S. 478 (1991), and *Buckley v. Fitzsimmons*, 509 U.S. 259

---

[1] Judge Stewart A. Newblatt presided over the trial resulting in Plaintiff's first conviction. After the matter was remanded by the Sixth Circuit, Judge Newblatt recused himself pursuant to 28 U.S.C. § 455 and the case was assigned to Judge Horace W. Gilmore. Judges Newblatt and Gilmore are both named defendants herein.

2

(1993). Plaintiff failed to appeal the Court's final order. "Michigan has adopted the 'broad' application of *res judicata*, which bars claims arising out of the same transaction that plaintiff could have brought but did not, as well as those questions that were actually litigated." *Jones v. State Farm Mut. Auto. Ins. Co.*, 509 N.W.2d 829, 835 (Mich. Ct. App. 1993). "For the doctrine [of *res judicata*] to apply (1) the former suit must have been decided on the merits, (2) the issues in the second action were or could have been resolved in the former one, and (3) both actions must involve the same parties or their privies." *Energy Reserves, Inc. v. Consumers Power Co.*, 561 N.W.2d 854, 859 (Mich. Ct. App. 1997). All three requirements are satisfied with respect to the present claim. The doctrine of *res judicata* therefore bars this Court, or any other court, from considering the issue again.[2] The doctrine also prevents the Court from considering any other claims against these defendants that could have been raised and resolved in the 1996 matter. The Court has reviewed the remaining claims asserted by Plaintiff against Defendants Haviland and Delonis in the present action and finds that all of them could have been—and should have been—brought by Plaintiff in the 1996 matter, to the extent that they were not. Accordingly, in the interest of judicial economy, the Court will dismiss the Complaint in its entirety as to these two defendants.

In his Complaint, Plaintiff advances several other claims against numerous defendants. Every one of Plaintiff's claims is meritless and must be dismissed. The Court is cognizant that Plaintiff's *pro se* Complaint must be liberally construed and held to a "less stringent standard" than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the Court also recognizes that Plaintiff's *pro se* status neither excuses his non-compliance

---

[2] Moreover, the Sixth Circuit has stated that the doctrine of *res judicata* may be raised by the district court, *sua sponte*, "in the interest[] of . . . the promotion of judicial economy." *Holloway Constr. Co. v. United States Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989).

3

with the procedural rules applicable in ordinary civil litigation, *see McNeil v. United States*, 508 U.S. 106, 113 (1993), nor does it exempt Plaintiff from adhering to the relevant rules of substantive law, *see Wolfel v. United States*, 711 F.2d 66, 67 (6th Cir. 1983).

Plaintiff names three United States district judges and one United States magistrate judge as defendants herein. Plaintiff alleges misconduct against these defendants for acts taken and decisions made in their capacities as judicial officers. However, judges are immune from liability for acts committed within their judicial jurisdiction. *See Pierson v. Ray*, 386 U.S. 547, 553-554 (1967). *See also Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (holding that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . ."). The Court will therefore dismiss the Complaint as to Judges Newblatt, Gilmore, and Feikens, and as to Magistrate Judge Walker, because these defendants are entitled to immunity.

In Count One of his Complaint, Plaintiff alleges a conspiracy to conceal and remove court records and malicious prosecution in connection with his first mail fraud conviction. (*See* Compl. at 6-7.) Plaintiff directs these claims against all twenty-six defendants, but does not specifically describe each defendant's role in the alleged conspiracy. In any event, these claims are clearly time-barred. In Michigan, "the [civil] conspiracy claim takes on the limitations period of the underlying wrong that was the object of the conspiracy." *Terlecki v. Silver Lake Prop. Ass'n of Indian River*, 2008 WL 1808182, at ___ (Mich. Ct. App. Apr. 22, 2008) (unpublished). The Court construes the alleged underlying wrong to be fraud,[3] which is governed by a six-year limitations

---

[3] The Court notes that more than twenty years have elapsed since Plaintiff's conspiracy claim accrued. Therefore, regardless of the nature of the wrong underlying Plaintiff's conspiracy claim, the statute of limitations on such claim expired long ago.

period.  *See* MICH. COMP. LAWS § 600.5813.  Moreover, the limitations period for malicious prosecution in Michigan is two years.  *See id.* at 600.5805(5).  These claims accrued in the early 1980s.  They are clearly time-barred and must be dismissed as frivolous.  *See Scuba v. Wilkinson*, 2005 WL 3274876, at *2 (S.D. Ohio Nov. 30, 2005) (citing cases) (acknowledging that "[w]hen a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint as frivolous is appropriate").

In Count Two, Plaintiff alleges a conspiracy between Defendant Haviland and Defendant Palmer, a court reporter, to conceal transcripts of a hearing conducted by Judge Feikens in 1978.  Plaintiff further alleges that this conspiracy somehow enabled Defendant Haviland to proceed with mail fraud charges against Plaintiff without the existence of a valid indictment.  The Court finds that Plaintiff's conspiracy claim is barred by the applicable statute of limitations, as explained in the preceding paragraph, and that insofar as Plaintiff alleges wrongdoing against Defendant Haviland, the claim is barred by the doctrine of *res judicata*, as determined above.

Plaintiff further alleges that in 1980, he was unlawfully beaten by a Genesee County Sheriff Department physician and nurse during a physical examination ordered by Judge Newblatt.  Plaintiff also states that he was beaten by two federal corrections officers at Federal Correctional Institution Milan in 1983.  The Court construes both claims as assault and/or battery claims under Michigan law.  The Court also construes the claims under the Eighth Amendment to the United States Constitution, the former claim brought pursuant to 42 U.S.C. § 1983 and the latter claim against the federal corrections officers brought under the authority of *Bivens v. Six Unknown*

5

*Narcotics Agents*, 403 U.S. 388 (1971).[4] The state law claims are time-barred because the statute of limitations for assault and battery in Michigan is two years. *See* MICH. COMP. LAWS § 600.5805(2). Likewise, Plaintiff's § 1983 and *Bivens* claims are time-barred because the statute of limitations for such claims in Michigan is three years. *See McSurely v. Hutchison*, 823 F.2d 1002, 1005 (6th Cir. 1987); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986); MICH. COMP. LAWS § 600.5805(10). Plaintiff's claims against Defendants Dr. Lloyd, Nurse Beck, Mr. Alsetter, and Mr. Welch[5] are therefore time-barred. Moreover, insofar as Plaintiff alleges § 1983 or *Bivens* claims accruing before May 12, 2005—or assault and battery claims accruing before May 12, 2006—against any other defendant herein, such claims are also time-barred because Plaintiff did not commence the present action until May 12, 2008. The Court will therefore dismiss these claims as frivolous.

Plaintiff next asserts a libel claim against a newspaper reporter in Flint, Michigan for allegedly writing in a newspaper article published in 1980 that Plaintiff had been indicted by a grand jury for mail fraud. In Michigan, the statute of limitations for libel is one year. *See* MICH. COMP. LAWS § 600.5805(9). Therefore, this claim has been time-barred for nearly three decades and is

---

[4] As explained by the Sixth Circuit,

> [i]n *Bivens*, the Supreme Court held that when "a federal agent acting under color of his authority" violates the Constitution, the agent's victim may recover damages against the agent. Such claims are the counterpart to suits under 42 U.S.C. § 1983 against state officials who infringe plaintiffs' federal constitutional or statutory rights.

*Vector Research, Inc. v. Howard & Howard Attorneys P.C.*, 76 F.3d 692, 698 (6th Cir. 1996). (citing cases) (internal citations omitted).

[5] At one point in his Complaint, Plaintiff refers to this defendant as "Mr. Wells." (*See* Compl. at 17.)

frivolous.

Finally, Plaintiff alleges that "the Social Security Administration has wrongfully suspended and/or withheld benefits" from him. (Compl. at 10) (emphasis deleted). This is the third time in which Plaintiff has brought this claim in this district. Plaintiff first brought his social security claim in 2002. *See Thompson v. Soc. Sec., et al.*, No. 02-CV-72555 (E.D. Mich. Aug. 29, 2003). There, Judge Paul D. Borman accepted and entered as the findings and conclusions of the court Magistrate Judge R. Steven Whalen's Report and Recommendation ("R&R"). *See id.* at docket entry 26. In his R&R, Magistrate Judge Whalen recommended that Plaintiff's claim for social security benefits be dismissed as malicious and frivolous, and lacking "any basis in law or fact." *Id.* at docket entry 21, p. 7.

Four years later, Plaintiff filed another claim for social security benefits. *See Thompson v. Comm. of Soc. Sec.*, No. 06-CV-10212 (E.D. Mich. Jul. 18, 2006). This time, Judge Nancy G. Edmunds accepted the R&R of Magistrate Judge Steven D. Pepe. *See id.* at docket entry 13. In his accepted R&R, Magistrate Judge Pepe acknowledged that "there was a previous case filed in this Court by Plaintiff alleging virtually the same facts [as the case before Judge Borman] . . ." and proceeded to recommend dismissal of the case as barred by the doctrine of *res judicata*. *See id.* at docket entry 7, pp. 2, 5. That recommendation was accepted by Judge Edmunds. *See id.* at docket entry 13. Accordingly, Plaintiff's present request for social security benefits—like his second request—is barred by the doctrine of *res judicata*. In the interest of judicial economy, dismissal of this claim is warranted.

Finally, even the most liberal reading of Plaintiff's Complaint reveals that there are no specific allegations of wrongdoing made against any defendant not mentioned by name above

7

other than the time-barred conspiracy claim directed at every defendant herein. Dismissal of the Complaint under Fed. R. Civ. P. 12(b)(1) as to those defendants not explicitly mentioned above is therefore appropriate because there is no case or controversy between Plaintiff and any of those defendants given the Court's conclusion that Plaintiff's conspiracy claim is not viable.

Accordingly,

IT IS ORDERED that Plaintiff's Complaint is dismissed in its entirety for the reasons stated above.

IT IS FURTHER ORDERED that all outstanding motions currently pending in this matter are denied as moot.

IT IS FURTHER ORDERED that Plaintiff is barred from filing any further lawsuits in this district without first (1) certifying that the claims asserted therein are ones that (a) have never before been adjudicated on the merits by this court and (b) are not time-barred, and (2) obtaining written permission of a judge of this district.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: June 17, 2008
       Detroit, Michigan

8